# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **WILLIAM SIDNEY BLEVINS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) **CIVIL ACTION NUMBER:** |
| v. | ) |
| | ) |
| **MICHAEL ANDREW KILGORE** | ) **JURY DEMAND** |
| and **SHANE BUTLER,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## COMPLAINT

**I.    INTRODUCTION**

1.     On January 25, 2023, former Centre Police Officer Michael Andrew Kilgore and Cedar Bluff K-9 Narcotics Officer Shane Butler arrested Plaintiff, allegedly for drug possession. But the drugs that Kilgore and/or Butler "found" in Plaintiff's vehicle were planted there by one or both officers. As detailed in a later indictment filed against Kilgore, on January 31, 2023, just six days after Plaintiff's arrest, Kilgore directed a confidential informant to place illegal drugs on or inside a vehicle and notify him when they were placed, as part of a scheme to frame and wrongly arrest motorists for drug possession. After Kilgore's scheme was exposed, the charges against Plaintiff and numerous other victims of the scheme were dropped. Accordingly, Plaintiff brings this action for wrongful arrest and malicious

1

prosecution in violation of the Fourth Amendment of the United States Constitution.

## II.  JURISDICTION AND VENUE

2.  Plaintiff brings this complaint under 42 U.S.C. Section 1983 for damages resulting from the deprivation of his civil rights as secured by the Fourth Amendment to the United States Constitution by the named defendants. The Court has Jurisdiction of this action and over the parties pursuant to 28 USC Sections 1331 and 1343.

3.  Venue is proper in the Northern District of Alabama because the injuries complained of occurred within this district.

## III.  Parties

4.  The Plaintiff, William Sidney Blevins, is over the age of nineteen and is a resident of Cherokee County, Alabama.

5.  Defendant Michael Andrew Kilgore was a patrol officer formerly employed by the City of Centre Police Department. At all times relevant to this action, he was acting under color of law.

6.  Defendant Shane Butler is a K-9 narcotics officer employed by the City of Cedar Bluff Police Department. At all times relevant to this action, he was acting under color of law.

## IV.  FACTS

7. On January 25, 2023, around 11:00 p.m., Plaintiff and his girlfriend, Amanda Woods, were driving from their home in the City of Leesburg, Alabama to the City of Centre, Alabama to visit a friend.

8. As Plaintiff entered the City of Centre, Defendant Kilgore initiated a traffic stop.

9. Plaintiff duly pulled over and stopped his vehicle in a well-lit parking area near West Main Street and Jacksonville Street in Centre, Alabama.

10. Kilgore told Plaintiff he had pulled him over for his tag light being out, and asked Plaintiff if he could search his vehicle.

11. Plaintiff declined to consent to the search, telling Kilgore there was no reason to search his vehicle over a tag light being out.

12. When Plaintiff declined to consent to a search, Kilgore decided to get a K-9 unit.

13. Kilgore instructed Plaintiff's girlfriend, Amanda Woods, to step out of the vehicle. He placed her in handcuffs and put her in the back seat of his patrol vehicle.

14. After removing Ms. Woods from the car, Kilgore left the passenger side door of Plaintiff's vehicle standing open.

15. Next, Kilgore ordered Plaintiff out of his vehicle and placed him in handcuffs. Plaintiff was allowed to remain outside the vehicle.

16. Cedar Bluff K-9 officer Shane Butler and his K-9 arrived on the scene. Butler and Kilgore had a conversation out of Plaintiff's earshot. Based on their interactions, it was obvious to Plaintiff that this was not the first stop the two had worked together as a team.

17. Butler initially walked around Plaintiff's vehicle without the K-9. During this initial walk around, Butler disappeared from Plaintiff's view near the front passenger door, which was still standing open.

18. Butler appeared to be ducking down near the open front passenger side door of Plaintiff's vehicle.

19. Butler then stood up so that Plaintiff could see him again and went to his vehicle to get the K-9.

20. With the K-9 now out, Butler directed the K-9 to walk around the vehicle. When the K-9 reached the open passenger side door where Butler had been bending down a few minutes before, the animal jumped inside.

21. After Butler removed the K-9 from the vehicle, Kilgore came over and reached inside, then showed Plaintiff a bag of what Plaintiff assumed was illegal drugs. Kilgore claimed to have found the bag inside the vehicle.

22. Plaintiff had never seen that bag before. Plaintiff realized it had been planted there by the officers.

23. Kilgore arrested Plaintiff and took him to the Cherokee County jail. Plaintiff remained there until the following afternoon.

24. While in jail, Plaintiff had to sleep on the hard concrete floor which damaged his shoulder due to Plaintiff's physical condition at the time.

25. The jail published Plaintiff's name and mug shot and listed his charges in the local paper.

26. Kilgore swore out warrants of arrest for Plaintiff for possession of controlled substances and paraphernalia.

27. The warrants sworn out by Kilgore were false, as Plaintiff did not possess controlled substances and paraphernalia. Rather, these substances were planted by Defendants in Plaintiff's vehicle.

28. Without the false statements in the warrants, probable cause was lacking to arrest Plaintiff for any crime based on the traffic stop.

29. Around a month after Plaintiff was arrested and released, he went to the Centre Chief of Police, Kirk Blankenship, and told him that the officers had planted evidence on him and probably other people.

30. Plaintiff told Blakenship that he wanted to get this taken care of before he went to Court and spent all that time and money unnecessarily. In response, Blankenship merely told Plaintiff that it could be year to a year and a half before it went to Court.

31.     Blankenship told Plaintiff that when the case went to court, they would look at the bodycam footage and the outcome would depend on that and there was nothing else he could do.

32.     On May 3, 2023, Kilgore was arrested for the crime of Conspiracy-Distribution Controlled Substance 13A-012-204 for an arrest he made on January 31, 2023, at 11:00 p.m.

33.     When Plaintiff met with Chief Blankenship, Blankenship knew about the investigation into Kilgore and that a confidential informant had reported Kilgore planting evidence on January 31, 2023.

34.     The warrant against Kilgore for "conspiracy to commit controlled substance crime" states that on January 31, 2023, Kilgore "directed the confidential informant to place the illegal drugs on or inside a vehicle and notify him when they were placed."

35.     The illegal drug Kilgore asked the confidential informant to place was methamphetamine, the same drug Kilgore planted on Plaintiff.

36.     As a result of the false arrest and malicious prosecution, Plaintiff suffered extreme mental distress for the next several months, worried that he would be falsely convicted of the two above crimes Kilgore had falsely accused him of committing by planting those drugs in his vehicle and swearing out false warrants for Plaintiff's arrest.

37. As a result of the false arrest and malicious prosecution Plaintiff suffered damages to his reputation.

38. After Kilgore's arrest, the charges against Plaintiff were dismissed.

V. **CAUSES OF ACTION**

    A. **First Cause of Action: Wrongful Arrest in Violation of the Fourth Amendment via 42 USC §1983**

39. As stated above, acting under color of law, Defendants planted evidence in Plaintiff's vehicle and arrested him based on the evidence they planted in Plaintiff's vehicle.

40. Defendants lacked a warrant to arrest Plaintiff, to search his vehicle and to seize Plaintiff.

41. Defendants lacked probable cause for the arrest, and there were no exigent circumstances or other special needs justifying the seizure.

42. As a result of Defendants' illegal actions, Plaintiff suffered injuries including deprivation of liberty, physical injuries, and emotional damages, and Plaintiff is entitled to compensatory damages for those injuries.

43. Defendants acted willfully or with deliberate indifference in depriving Plaintiff of his Fourth Amendment rights.

44. Defendants' actions were malicious.

45. Plaintiff is entitled to punitive damages for Defendants' malicious conduct.

    B. **Second Cause of Action: Malicious Prosecution in Violation of the**

## Fourth Amendment via 42 USC §1983

46. Defendants, acting under color of law, instituted legal process resulting in Plaintiff's arrest and prosecution for alleged violations of Alabama Code Sections 13(A)-012-212(A)(1) and 260(C) when they planted evidence and/or swore out false affidavits based on the planted evidence.

47. Defendants lacked probable cause for the institution of legal process. Apart from the planted evidence and the false statements regarding such planted evidence, Defendants lacked probable cause that Plaintiff had committed a crime.

48. Plaintiff suffered a seizure of his person when he was arrested and deprived of his liberty.

49. The seizure of Plaintiff's person pursuant to the warrant was not otherwise justified in the absence of the legal process Defendants initiated against Plaintiff. Defendants' planting of drugs and drug paraphernalia was material to Plaintiff's seizure and the charges brought against him.

50. Defendants acted with malice, as evidence by the fact that they planted drugs in Plaintiff's car and used those planted drugs and drug paraphernalia to falsely arrest and prosecute Plaintiff.

51. Defendants knew or should have known that probable cause was lacking when they arrested Plaintiff and charged him with possession of the drugs and drug paraphernalia they planted.

52.     Defendants engaged in the practices complained of herein with malice and/or with reckless indifference to Plaintiff's federally protected rights and his rights as protected under Alabama state law.

53.     As a direct and proximate result of Defendants' actions, Plaintiff suffered injuries and damages, including but not limited to extreme emotional distress, severe emotional and physical pain and anguish, embarrassment, humiliation, shame, damage to reputation, damage to his personal and family relationships, loss of income, legal fees, and other damages to be proved at trial.

**VI.     REQUEST FOR RELIEF**.

WHEREFORE, Plaintiff seeks the following relief:

1.      Award a judgment in favor of Plaintiff against Defendants in an amount in excess of the jurisdictional limits of this court for compensatory damages, including damages for severe emotional and physical pain and anguish, embarrassment, humiliation, shame, damage to reputation, damage to his personal and family relationships, loss of income, legal fees, medical expenses, lost earning potential, future rehabilitation expenses, future medical costs, future counseling, and other pecuniary losses as a consequence of Defendant's unlawful conduct;

2.      Award punitive damages against the Defendants sufficient to punish him and to deter further wrongdoing;

3. Grant injunctive relief sufficient to protect Plaintiff from the ongoing harassment and intimidation of Defendants;

4. Award Plaintiff a reasonable attorney fees pursuant to 42 U.S.C. 1988, including a reasonable attorney's fee for work preliminary to and necessary to the institution of this action;

5. Award Plaintiff all litigation expenses, cost, prejudgment and post judgment interest as provided by law; and,

6. Such other and further relief as the Court deems just and proper.

## Jury Demand

**THE PLAINTIFF DEMANDS A TRIAL BY JURY**

**ON ALL ISSUES SO TRIABLE**

DATED: September 22nd, 2023.

                                    Respectfully submitted,

                                    */s/ Jon C. Goldfarb*
                                    Jon C. Goldfarb asb-5401-f58j
                                    L. William Smith asb 8660-a61s
                                    Christina M. Malmat asb-1214-y44q
                                    Counsel for Plaintiff

**OF COUNSEL:**
Wiggins, Childs, Pantazis, Fisher,
& Goldfarb, LLC
301 19th Street North
Birmingham, AL 35203
Telephone No.: (205) 314-0500